# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN LaMONTE STARKS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No.: 16-cv-3246-MMM** |
| | ) | |
| RANDY DUVENDACK, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, currently at the Illinois River Correctional Center, brings a *pro se* claim under 42 U.S.C. § 1983, against personnel at the Morgan County Jail.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On July 22, 2016, Plaintiff was brought to the Morgan County Jail, presumably as a pretrial detainee.  Plaintiff told jail personnel that he had Stage 3 chronic kidney disease and was under the care of a kidney specialist and primary care physician.  Plaintiff alleges that the

Defendants failed to give him pain medication for the associated back pain, failed to have him evaluated by a nephrologist and failed to provide him a diet appropriate for kidney disease. Plaintiff claims that he made complaints to the nurse, presumably Defendant McCurly. Defendant McCurly allegedly told Plaintiff that she consulted with Dr. Rakestraw and was told that Plaintiff did not need pain medication.

A pre-trial detainee's § 1983 claim is examined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, though the same standard is applies. *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Under the Eighth Amendment, prison officials will be liable for inflicting punishment incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Plaintiff states a colorable claim of deliberate indifference against Dr. Rakestraw and Nurse McCurly. While Plaintiff names Sheriff Duvendack and Jail Administrator Chatham, he directs no allegations against them. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim). See also, *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted) (section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under 1983, an individual defendant must have caused or participated in a constitutional deprivation.") Defendants Duvendack and Chatham are dismissed.

**IT IS THEREFORE ORDERED:**

1.      This case shall proceed on the claim of deliberate indifference by Defendants Rakestraw and McCurly.  Defendants Duvendack and Chatham are DISMISSED.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.      Plaintiff's Motion for appointment of counsel [5] is DENIED as Plaintiff has not identified that he was attempted to obtain counsel on his own.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).   Plaintiff's Motion for Status [8] is rendered MOOT by this Order.

3.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

1/11/2017                                     s/ Michael M. Mihm
ENTERED                              MICHAEL M. MIHM
                                     UNITED STATES DISTRICT JUDGE